# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLEAVE McCLOUD, Plaintiff, vs. SANCHEZ, et al., Defendants. | 1:11cv01679 DLB PC<br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND<br>THIRTY-DAY DEADLINE |

Plaintiff Cleave McCloud ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on October 5, 2011. He names Correctional Officers Sanchez and B. R. Jackson as Defendants.[1]

**A. LEGAL STANDARD**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C.

[1] Plaintiff consented to the jurisdiction of the United States Magistrate Judge on October 27, 2011.

§ 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). While factual allegations are accepted as true, legal conclusions are not. Id.

**B. SUMMARY OF COMPLAINT**

Plaintiff alleges that in early 2011, Defendant Jackson called his wife and told her that he had uncovered a conspiracy by Defendant Sanchez. According to Defendant Jackson, Defendant Sanchez planned to shoot Plaintiff after having two inmates assault him. Plaintiff alleges that Defendant Sanchez conspired to kill him because he found out that Plaintiff was working for Defendant Jackson and Internal Affairs. Plaintiff also alleges that Defendant Sanchez knew he was a mental health patient and taking psychiatric medication to control his violent behavior. Plaintiff contends that although Defendant Jackson removed Defendant Sanchez and the two inmates from D-1, Defendant Sanchez has "substantially spread the word to officers and inmates that [Plaintiff] was working for Internal Affairs." Complaint, at 3. He states that because of this, "word will continue to spread and multiply and every inmate and staff member who they had me work against could soon find out and plan to retaliate against me." Complaint, at 3.

Plaintiff requested documentation of the conspiracy from Defendant Jackson so that he could file a lawsuit, but Defendant Jackson became hostile and refused. He also told Plaintiff that he would "deny it ever happened." Complaint, at 4. Plaintiff alleges that Defendant Jackson is covering up Defendant Sanchez's criminal conspiracy.

Plaintiff believes that his life is in constant danger because Defendant Sanchez has told others that Plaintiff worked for Defendant Jackson. He fears retaliation against him and his family.

**C.    ANALYSIS**

1.    *Conspiracy*

To state a claim for conspiracy under section 1983, Plaintiff must show the existence of an agreement or a meeting of the minds to violate his constitutional rights, and an actual deprivation of those constitutional rights. Avalos v. Baca, 596 F.3d 583, 592 (9th Cir. 2010); Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2001). "'To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy.'" Franklin, 312 F.3d at 441 (quoting United Steel Workers, 865 F.2d at 1541).

Here, Plaintiff alleges that Defendant Sanchez conspired to kill him. However, he does not show, or even allege, the existence of an agreement or meeting of the minds between any Defendants relating to a conspiracy to kill him. Instead, his allegations concern only Defendant Sanchez. There can be no conspiracy with a single participant.

Plaintiff also fails to allege any actual harm. As discussed below, Plaintiff only speculates that inmates and staff members "could" find out he worked against them and "plan" to retaliate. Speculative allegations are insufficient. Plaintiff's conspiracy allegation therefore fails to state a claim for which relief can be granted.

2. *Eighth Amendment Claim*

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer v. Brennan, 511 U.S. 825, 847 (1994) and Rhodes v. Chapman, 452 U.S. 337, 347 (1981)) (quotation marks omitted). While conditions of confinement may be, and often are, restrictive and harsh, they must not involve the wanton and unnecessary infliction of pain. Morgan, 465 F.3d at 1045 (citing Rhodes, 452 U.S. at 347) (quotation marks omitted). Thus, conditions which are devoid of legitimate penological purpose or contrary to evolving standards of decency that mark the progress of a maturing society violate the Eighth Amendment. Morgan, 465 F.3d at 1045 (quotation marks and citations omitted); Hope v. Pelzer, 536 U.S. 730, 737 (2002); Rhodes, 452 U.S. at 346.

Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety, Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains while in prison represents a constitutional violation, Morgan, 465 F.3d at 1045 (quotation marks omitted). To maintain an Eighth Amendment claim, a prisoner must show that prison officials were deliberately indifferent to a substantial risk of harm to his health or safety. E.g., Farmer, 511 U.S. at 847; Thomas v. Ponder, 611 F.3d 1144, 1151-52 (9th Cir. 2010); Foster v. Runnels, 554 F.3d 807, 812-14 (9th Cir. 2009); Morgan, 465 F.3d at 1045; Johnson, 217 F.3d at 731; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

Plaintiff's allegations against Defendant Sanchez fail state a claim under the Eighth Amendment. Plaintiff contends that Defendant Sanchez "substantially spread" the word to other officers and inmates that Plaintiff was working with Internal Affairs. However, his allegation that his life is in danger is supported only by his statement that staff and inmates "could" find out

that he worked against them and "plan" to retaliate against him. This speculative allegation is insufficient to show a substantial risk or harm to his health or safety.

Plaintiff's allegations against Defendant Jackson also fail to state an Eighth Amendment claim. He infers that Defendant Jackson failed to protect him because he covered up the alleged conspiracy and refused to provide Plaintiff with evidence for an action against Defendant Sanchez. The failure of prison officials to protect inmates from attacks by other inmates may rise to the level of an Eighth Amendment violation only where prison officials know of and disregard a substantial risk of serious harm to the plaintiff. E.g., Farmer, 511 U.S. at 847; Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005).

There is not clear allegation in the complaint that Defendant Jackson knew that Defendant Sanchez was telling inmates and staff of Plaintiff's work with Internal Affairs. Even if he had alleged knowledge, however, Plaintiff's speculative harm does not create a substantial risk of serious harm. Plaintiff therefore fails to state a claim against Defendant Jackson.

**D. CONCLUSION AND ORDER**

In conclusion, Plaintiff's complaint fails to state any claims under section 1983. The Court will provide Plaintiff with the opportunity to file an amended complaint. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 676-77. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted). Plaintiff is reminded that he must link the named defendants to the participation in the violations at issue. Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011,

1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Liability may not be imposed on supervisory personnel under the theory of *respondeat superior*, Iqbal, 556 U.S. at 676-77; Ewing, 588 F.3d at 1235, and supervisory personnel may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them," Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997).

Finally, an amended complaint supercedes the original complaint, Lacey v. Maricopa County, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state any claims under section 1983;

2. The Clerk's Office shall send Plaintiff a civil rights complaint form;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint which shall not exceed twenty-five pages; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim under section 1983.

IT IS SO ORDERED.

Dated: **January 10, 2013**

/s/ Dennis L. Beck
UNITED STATES MAGISTRATE JUDGE