# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLEAVE McCLOUD,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>SANCHEZ, et al.,<br><br>　　　　　Defendants. | ) 1:11cv01679 DLB PC<br>)<br>)<br>) ORDER DISMISSING ACTION<br>) WITHOUT PREJUDICE<br>)<br>)<br>)<br>)<br>) |

　　　Plaintiff Cleave McCloud ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on October 5, 2011. He names Correctional Officers Sanchez and B. R. Jackson as Defendants.[1]

　　　On January 11, 2013, the Court dismissed the complaint with leave to amend and ordered Plaintiff to file an amended complaint within thirty days. After more than thirty days passed, the Court issued an order to show cause on March 11, 2013. Plaintiff was ordered to show cause, within thirty days of the date of service of the order, why the action should not be dismissed for failure to follow the Court's January 11, 2013, order.

---

[1] Plaintiff consented to the jurisdiction of the United States Magistrate Judge on October 27, 2011.

1

Over thirty days have passed and Plaintiff has not filed a response or otherwise communicated with the Court.

For the reasons discussed below, the Court recommends that this action be dismissed for failure to follow a Court order and failure to state a claim.

## DISCUSSION

Local Rule 110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep courtapprised of address); Malone v. United States Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. Thompson, 782 F.2d at 831;

Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

In the instant case, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. This case has been pending since October 5, 2011, but there is no operative complaint. Plaintiff was given an opportunity to file an amended complaint, but failed to do so. He also failed to respond to the order to show cause.

The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that her failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. Ferdik, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson, 779 F.2d at 1424. The Court's March 11, 2013, order to show Cause expressly stated: "Failure to follow this order will result in dismissal of this action." Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's order.

## ORDER

For these reasons, IT IS HEREBY ORDERED that this action IS DISMISSED WITHOUT PREJUDICE for failure to follow the Court's order and failure to prosecute.

This terminates this action in its entirety.

IT IS SO ORDERED.

Dated:   **April 24, 2013**                             /s/ *Dennis L. Beck*
                                                                                  UNITED STATES MAGISTRATE JUDGE